UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORBIAN CORPORATION LIMITED AND RAGLAN CAPITAL LIMITED,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JAMES D. HOUSTON,<br><br>　　　　　　　　　　　　Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS | Case No.:   24CV1014-W(BLM)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>**[ECF Nos. 39 & 40]** |

　　　　Currently before the Court is Plaintiff Orbian Corporation Limited's November 7, 2024 Motion to Compel Discovery from Defendant [ECF No. 40 ("P MTC")], Defendant's November 14, 2024 opposition to the motion [ECF No. 41 (D Oppo."), and Plaintiff's November 26, 2024 Reply [ECF No. 46 ("P Reply")].  Also before the Court is Defendant's November 7, 2024 Motion to Compel Production of Documents from Orbian Corporation Limited and Thomas Dunn [ECF No. 39 ("D MTC")], Plaintiff's November 14, 2024 opposition to the motion [ECF No. 42 (P Oppo."), and Defendant's November 26, 2024 Reply [ECF No. 45 ("D Reply")].  For the reasons set forth below, Plaintiff's Motion to Compel Discovery from Defendant is **GRANTED IN PART AND DENIED IN PART** and Defendant's Motion to Compel Production of Documents from Orbian Corporation Limited and Thomas Dunn is **GRANTED IN PART AND DENIED IN PART**.

///

**RELEVANT FACTUAL BACKGROUND**

The instant matter was removed to this Court on June 10, 2024. ECF No. 1. Plaintiffs' complaint alleges damages for Breach of Fiduciary Duty, Faithless Servant, Fraud/Deceit, Fraudulent Inducement/Promissory Fraud, Declaratory Relief Re Participation Agreement, and Breach of Contract, and seeks Declaratory Relief on Grounds of Termination. ECF No. 1-2. Plaintiffs hired Defendant Houston to run their Carlsbad, California office and to act as General Counsel and Chief Legal Officer for the company at large. Id. at 5. Plaintiffs allege that during his tenure, Houston deceived the company, abused his roles, hid conflicts of interest, retained and controlled outside counsel to the detriment of the company, created a culture of fear in the Carlsbad office, harassed employees, violated company policies and procedures, and bullied, berated, and belittled his employees. Id. When Houston's alleged misdeeds came to light, the company investigated and later terminated Houston based on the findings. Id. at 6. Plaintiffs subsequently discovered that Houston owes them millions of dollars after fraudulently inducing Plaintiffs into an equity participation agreement and borrowing money from Plaintiff Raglan. Id.

On June 17, 2024, Defendant Houston filed a countercomplaint against Plaintiffs Orbian and Raglan and Counterdefendant Thomas Dunn for breach of contract, false promise, aiding and abetting a false promise, declaratory relief, and unjust enrichment. ECF No. 2 at 17-21. Houston alleges that he is owed at least $1,800,000.00 due to his constructive termination by Plaintiffs. Id. at 3. In addition, Plaintiffs have failed to pay Houston monies owed under the Restated Participation Agreement and improperly seek to claw back monies loaned to Houston pursuant to the Raglan Loan Agreement. Id. at 4.

**LEGAL STANDARD**

**Federal Rule Civil Procedure 26**

The scope of discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

>resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." Doherty v. Comenity Capital Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017). Relevance, however, is not without limits. Id. The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's notes (2015 amendment). Instead, to fall within the scope of discovery, the information must also be "proportional to the needs of the case," requiring lawyers to "size and shape their discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or wasteful discovery." Fed. Civ. R. P. 26(b)(1); Cancino Castellar v. McAleenan, 2020 WL 1332485, at *4 (S.D. Cal Mar. 23, 2020) (quoting Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

     District courts have broad discretion to determine relevancy for discovery purposes. D.M. v. County of Merced, 2022 WL 229865, at * 2 (E.D. Cal. Jan. 26, 2022) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2)(C) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Further, "[w]hen analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

1  benefit. Cancino, 2020 WL 1332485, at *4 (citing Fed. R. Civ. P. 26(b)(1)).

2  **Fed. R. Civ. P. 34**

3  Fed. Civ. R. P. 34 provides that a party may serve on another a request for production of
4  documents, electronically stored information, or tangible things within the scope of Fed. Civ. R.
5  P. 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule
6  34, the party propounding the request for production of documents may move to compel
7  discovery. See Fed. R. Civ. P. 37(a)(3). "The party seeking to compel discovery has the burden
8  of establishing that its requests satisfy the relevancy requirements of Rule 26(b)(1). Thereafter,
9  the party opposing discovery has the burden of showing that the discovery should be prohibited,
10 and the burden of clarifying, explaining, or supporting its objections." Williams v. County of San
11 Diego, 2019 WL 2330227, at *3 (citing Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May
12 14, 2009) (internal quotations omitted).

13 **Fed. R. Civ. P. 37**

14 If a motion to compel discovery is granted, Rule 37(a)(5) requires a court to order the
15 "party or deponent whose conduct necessitated the motion, the party or attorney advising that
16 conduct, or both to pay the movant's reasonable expenses incurred in making the motion,
17 including attorney's fees" unless the movant failed to meet and confer, the objection was
18 substantially justified, or other circumstances militate against awarding expenses. See Brown
19 v. Hain Celestial Group, Inc., 2013 WL 5800566, *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that
20 loses the motion to compel bears the affirmative burden of demonstrating that its position was
21 substantially justified") (internal citations omitted). If the motion is granted in part and denied
22 in part, the court "may, after giving an opportunity to be heard, apportion the reasonable
23 expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

24  I.  **Plaintiffs' and Counter Defendants' Motion to Compel Discovery from**
25     **Defendant Houston**

26  Plaintiff Orbian seeks an order from the Court requiring Defendant Houston "to promptly
27  produce documents responsive to Request Nos. 1, 2, 7, 54, and 81." P MTC at 18. Orbian
28  argues that the requests are relevant and highlights Houston's attempt "to destroy documents

and communications that are harmful to his claims and defenses." Id. at 4-8.

Houston contends that he "complied with, or will comply with, all of the proper discovery requests, and objects where legally appropriate on the bases of privilege, privacy, and relevance." D Oppo. at 4.

Request for Production Nos. 1 and 2

RFP No. 1 seeks "[a]ll documents and information stored on the Laptop or the Phone at any time." Declaration of Michael Petrella In Support of Motion to Compel Discovery From Defendant ("Petrella Decl.") at Exhibits A and B. Houston responded to RFP No. 1 as follows:

> Objection. The request is overly broad and not proportionate to the needs of the case. The information sought is irrelevant. The information sought is equally available to and in the possession of the propounding party. The request is overly broad and invasive of Houston's privacy, as it seeks information personal to Houston and unrelated to Orbian or the claims contained in this suit. Subject to and without waiving the foregoing [sic]. Subject to and without waiving the foregoing, Houston will conduct a diligent search and reasonable inquiry and produce all non-privileged documents in his possession, custody, or control.

Petrella Decl. at Exhibit B. RFP No. 2 seeks "[a]ll documents and information removed from the Phone or the Laptop at any time." Petrella Decl. at Exhibit B. Houston responded to RFP No. 2 as follows: "Objection. This request is completely subsumed by request for production No. 1. Houston hereby incorporates the answer to Request for Production No. 1 as though fully set forth here." Id.

Orbian argues that Houston's response improperly gives Houston the ability to determine which documents are Plaintiff's property and which documents he can keep as "personal property." P MTC at 9-10. Orbian further argues that the requests are seeking information that is relevant to all of Orbian's claims, especially the claim seeking a declaration for grounds for termination. Id. at 10. Orbian argues that Houston's July 2023 phone calls to Tech2U, a data destruction company, during which Houston stated that his "job is on the line" and that if Orbian recovers anything from the laptop he would be fired, support the relevance and importance of the information being sought. Id. at 7, 10. Orbian notes that it agreed to limit the requests to "documents and information stored at any time on the laptop and phone that Houston returned

to Orbian on August 8, 2023 and September 7, 2023, respectively." Id. at fn 1. Orbian further notes that the request is not overbroad or disproportionate, the documents are not equally available to Orbian, and that the items sought do not violate Houston's privacy interests as they are all property of Orbian. Id. at 11-13.

Defendant contends that he "has already complied with this request to its legally permissible bounds" and "produced all relevant information." D Oppo. at 4. Houston states that he returned the laptop and cell phone at issue with all data wiped from the devices, he gave notice to Orbian prior to wiping the data, no forensic copy of the devices was requested, and he has already produced a copy of everything that was on the devices save for his personal photographs, medical sign on information, and financial sign on information to Orbian. Id. at 4, 7-9. Specifically, on July 3, 2023, Orbian suspended Houston and Dunn ordered Houston to return the laptop and cell phone at issue. Id. at 6. On July 18, 2023, Houston informed Orbian that he would return the devices and any Orbian related information after removing and retaining his personal information. Id. at 6, 8; see also ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶ 2, Exhibit 1. On July 24, 2023, Orbian responded that "all Orbian business information should be conveyed" to Orbian before any data was removed which Houston did. Id. at 8; see also ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶ 3, Exhibit 2. Prior to returning the devices, Houston contacted data destruction company Tech2U about the laptop and an HP desktop. Id. at 6; see also ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶¶ 4-5, Exhibits 3-4. Houston contends that the non-Orbian information on the devices is irrelevant to the case. Id. at 4. Houston further contends that the laptop and cell phone "are, and always were, Houston's property" and that Houston never violated any company policies or procedures. Id. at 7. Houston notes that Orbian did not ask him to refrain from deleting any personal information or request that a forensic image be made. Id.; see also ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶ 3, Exhibit 2 (not asking for a forensic copy but noting that Plaintiffs "expect[ed] [defense counsel] to remind Mr. Houston of his duties to

preserve and retain any purported personal information removed from the laptop prior to its return to Orbian"). Houston notes that Orbian mischaracterizes the transcript between Houston and Tech2U which concerned a desktop computer that is not at issue in the requests before the Court. Id.; see also ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶ 5, Exhibits 3 (email between Mr. Houston and Tech2U discussing "an approximately five year old laptop from Samsung and a two year old desktop from HP"), 4 (Transcript between Houston and Tech2U discussing a HP all-in-one desktop).

Orbian replies that Houston is bound by Orbian's policies and procedures, Orbian never consented to the deletion of data from the company owned laptop and cell phone, and Houston had an "independent legal obligation to maintain potentially relevant information for litigation." P Reply at 2. Orbian notes that there is documentation showing that Houston's conversation with Tech 2U was regarding the company laptop and not a desktop. Id.

As summarized above and set forth in more detail in the parties' pleadings, there are significant factual disputes regarding what happened and why it happened. The Court is not resolving these disputes as it is not necessary to do so for the current discovery dispute. The parties do not disagree with the relevancy of much of the requested information; they disagree as to whether all of the relevant information has been produced and the relevancy of what Defendant calls his personal information. As a result, the Court **GRANTS IN PART AND DENIES IN PART** Orbian's Motion to Compel on these RFPs as follows: 1) Houston must turnover the cell phone and laptop at issue to Orbian as agreed [see D. Oppo at 8; ECF No. 41-1, Declaration of John Vaughn In Support of Houston's Opposition to Motion to Compel at ¶ 2, Exhs. 1, 2] and 2) Houston must produce to Orbian a copy of all data stored on, copied from, deleted from, or otherwise taken from the laptop and cell phone with the exception of his personal photographs and medical and financial sign-on information. For purposes of this order, the term "personal photographs" means any photographs that do not depict Plaintiffs, Counterdefendants, any employees of those entities, or any documents or data relating to Plaintiffs, Counterdefendants, or Houston's employment or involvement with Plaintiffs. If Houston has already produced the required devices and data to Orbian, Houston must notify

Orbian of that fact by **December 16, 2024**. If Houston has not produced the devices and data to Orbian, he must do so by **December 20, 2024**.

Request for Production No. 7

RFP No. 7 seeks "[a]ll communications between You and Mintz & Gold concerning the Laptop or the Phone. Petrella Decl. at Exhibit B. Houston responded to RFP No. 7 as follows: "Objection. Calls explicitly for communications covered by the attorney-client privilege. Irrelevant to the claims asserted in this case. Houston will not produce any documents responsive to this request." Id.

Orbian argues that the request seeks relevant documents not all of which are protected by the attorney-client privilege. P MTC at 13-14. Orbian argues that the crime-fraud exception to the attorney-client privilege, which includes the willful destruction of evidence, is relevant here. Id. at 14. Orbian further argues that Houston should be required to produce a privilege log of the communications and that if no such communications exist, Houston should clearly state that fact. Id.

Defendant contends that "to the extent that he communicated with Mintz & Gold concerning the laptop computer or phone, [he] certainly did so confidentially and for the purpose of receiving legal advice" meaning that the communications are privileged. D Oppo. at 10. Defendant further contends that the crime-fraud exception does not apply, especially here, where Houston disclosed to Orbian that he would be removing his personal data from the laptop and cell phone prior to doing so. Id. at 10-11. Houston notes that he has produced a privilege log in the parallel arbitration and in the instant matter. Id. at 12.

Orbian replies that "communications regarding the deletion of data likely fall under the crime-fraud exception to the attorney-client privilege" and requests that the Court conduct an *in camera* review of the four documents identified in Houston's privilege log "to confirm whether the attorney-client privilege applies in the first instance, and if so, whether the exception applies." P Reply at 3, 7-9. Orbian argues that "the requested communications are essential to this Court's consideration of spoliation sanctions under Fed. R. Civ. P 37(e), which Plaintiffs intend to seek at the appropriate time." Id. at 9.

"The attorney-client privilege does not extend to attorney-client communications which solicit or offer advice for the commission of a crime or fraud." Perez v. DirecTV Group Holdings, LLC, 2020 WL 10818049, at *3 (C.D. Cal., July 23, 2020) (citing In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992).  Plaintiff has the burden of demonstrating by a preponderance of the evidence that the crime-fraud exception applies and must meet a two-part test to do so. See In re Grand Jury Investigation, 810 F.3d 1110, 1113 (9th Cir. 2016); see also Meyer v. Mittal, 2023 WL 4348731, at *6 (D. Or., July 5, 2023).  "First, [Plaintiff] must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme. Second, [Plaintiff] must demonstrate that the attorney-client communications for which production is sought are sufficiently related to and were made *in furtherance* of [the] intended, or present, continuing illegality." Id. (emphasis in original).

For the Court to order *in camera* review of the privileged information to establish whether the crime-fraud exception is applicable, "there must be a showing of a 'factual basis adequate to support a good faith belief by a reasonable person' that review 'may reveal evidence to establish the claim that the crime-fraud exception applies.'" Perez, 2020 WL 10818049, at *3 (quoting United States v. Zolin, 491 U.S. 554, 572 (1989)).  This showing can be satisfied with "any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged." Id. (quoting Zolin, 491 U.S. at 575).  If this showing is satisfied, whether an *in camera* review is conducted is in the discretion of the Court.  Id. (citing Zolin, 491 U.S. at 575). The Court should consider "the volume of materials to be reviewed, the relevance of the alleged privilege material to the case, and the likelihood that *in camera* review will reveal evidence to establish the applicability of the crime-fraud exception." Id. (citing Zolin, 491 U.S. at 575).

Orbian has not demonstrated by a preponderance of the evidence that the crime-fraud exception applies and has not provided facts, as opposed to speculation, that a review "may reveal evidence to establish the claim that the crime-fraud exception applies."  Moreover, the Court finds that an *in camera* review is not appropriate at this time.  Accordingly, Orbian's request to compel documents responsive to RFP No. 7 is **DENIED**.
///

Request for Production No. 54

RFP No. 54 seeks "[a]ll postings by You (whether or not under your real name) on any social media platform (including but not limited to Facebook, Twitter, Instagram, or X). Petrella Decl. at Exhibit B. Houston responded to RFP No. 54 as follows: "Objection. This request seeks information that is irrelevant to any claim at issue in this matter. The request is overbroad in time, subject matter, and scope. The request is invasive of Houston's right to privacy. Houston will not produce any documents in response to this request. Id.

Orbian argues that the request seeks relevant information that demonstrates "Houston's willful disregard of Orbian's instructions, as well as a breach of his obligations to Orbian." P MTC at 17. Orbian notes that the documents are only available to Houston and that it tried to subpoena the records from X Corp but was informed that federal law prevented X Corp from turning over the documents. Id. at 18.

Defendant contends his social media is irrelevant and unrelated to Orbian's causes of action. D Oppo at 12. Even if the information is relevant, Houston contends that he no longer has access to the Twitter/X account because it was suspended and deactivated in 2018. Id. at 13. Regarding Houston's LinkedIn and Facebook accounts, Orbian has equal access to those accounts. Id.

Orbian replies that Houston's social media posts are directly relevant to the claims and defenses in this case and that recovering the information is a "simple, costless task" that the Court should require Houston to perform. P Reply at 3, 9-11.

The Court finds that the request as written is overbroad as to time, subject matter, and scope. The request seeks every posting Houston has ever made on any social media platform that exists without any limitations. As such, the request seeks irrelevant information and is not proportional to the needs of this case. Accordingly, Orbian's motion to compel further response to RFP No. 54 is **DENIED**.

Request for Production No. 81

RFP No. 81 seeks "[a]ll documents concerning any Plaintiff or Counter-Defendant." Petrella Decl. at Exhibit B. Houston responded to RFP No. 81 as follows:

> Objection. This request for production is duplicative of Request for Production No. 53, among others. The request is overly broad and unduly burdensome. The request fails to specify with reasonable particularity the documents sought. The request is inadequately tailored to the needs of the case. Calls for information equally or exclusively available to propounding party. Given the improper scope of the request, Houston will not produce documents responsive to this request.

Id.

Orbian has agreed to limit this request "the time period beginning with Houston's employment suspension on July 3, 2023 until Orbian filed its Complaint on April 26, 2024, and will also exclude communications with litigation counsel from its request." P MTC at 15. Orbian argues that this limitation addresses Houston's concerns and notes that the request seeks information that only Houston possesses and that the request is tailored to the needs of the case. Id. at 15-16.

Defendant contends that he will "provide an amended response to the request which clarifies that Houston has or will produce all responsive documents in his possession, custody, or control." D Oppo at 13. Specifically, Houston identifies HOUSTON-AAA l-1659 as the already-produced responsive documents." Id.

Orbian's reply acknowledges that Houston has agreed to provide amended responses but "reserves [Orbian's] right to object should Houston's future responses be insufficient to fully satisfy his discovery obligations." P Reply at 3.

Orbian's motion to compel documents requested in RFP No. 81 as modified by Orbian is **DENIED AS MOOT**. Houston has agreed to provide an amended response and any additional responsive documents that are in his possession, custody, and/or control. Houston must do so by **December 20, 2024**.

II. **Defendant's Motion to Compel Production of Documents from Orbian Corporation Limited and Thomas Dunn**

Defendant Houston seeks an order from the Court compelling Plaintiff Orbian Corporation Limited and Counterdefendant Thomas Dunn to produce responsive documents and requiring Orbian and Dunn pay to Houston the reasonable costs and attorneys' fees incurred in connection

with this motion. D MTC at 1. The requests at issue concern "jurisdictional discovery requests from and relating to Dunn (sought both from Dunn and from Orbian)[] and [] requests sent to Orbian related to Houston's claims and defenses and the claims and defenses of the other parties." Id. at 5. Houston notes that Dunn has not produced a single document in response to the thirty-seven RFPs Houston propounded in July 2024. Id. at 14.

Orbian and Dunn contend that Plaintiff's request for jurisdictional discovery should be denied as Houston has failed to make the threshold showing required for jurisdictional discovery and, even if he had, the requests to Orbian are improper. P Oppo. Orbian and Dunn also contend that the requests that are not strictly jurisdictional are duplicative and improper. Id. at 11-12. Orbian states that RFP Nos. 15-17 are overbroad and disproportionate to the needs of the case and that RFP Nos. 22-23 seek irrelevant information that bears no relation to any of the claims or defenses at issue. Id. at 12-15. Finally, Orbian contends that Houston's request for sanctions should be denied because Plaintiff's refusal to produce documents was substantially justified. P Oppo at 15-16.

Jurisdictional Discovery Propounded by Houston to Orbian and Dunn

Houston propounded discovery on Orbian and Dunn regarding jurisdictional issues. D MTC at 5. The discovery to Orbian consisted of RFP Nos. 1, 19, and 73 and the discovery to Dunn includes all thirty-seven RFPs that Houston propounded.[1] Id.

Request for Production No. 1 to Orbian

RFP No. 1 seeks "[a]ll DOCUMENTS submitted by YOU to any governmental or regulatory body that state or indicate that DUNN is YOUR 'control person.'" ECF No. 39-1, Declaration of John Vaughn in Support of Defendant's Motion to Compel ("Vaughn Decl.") at Exhibit 4. Orbian responded to RFP No. 1 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. Orbian further objects to this Request to the extent it calls for documents that are available from a public source. Finally, Orbian objects to this Request

---

[1] Houston contends that the thirty-seven RFPs propounded to Dunn seek information regarding the merits of the case, not just jurisdictional information. D MTC at 5 and fn 2.

> as irrelevant; whether Mr. Dunn is a "control person" is unrelated to any claim or defense with respect to the parties' claims or counterclaims. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

Request for Production No. 19 to Orbian

RFP No. 19 seeks "[a]ll phone records for DUNN'S mobile phone, telephone number 44-755-337-1064." Vaughn Decl. at Exhibit 4. Orbian responded to RFP No. 19 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. Orbian further objects to this Request to the extent it calls for documents and information protected by the attorney-client and work product privileges, and to the extent that it seeks private information about persons in violation of those persons' constitutional, statutory and/or common law rights of privacy. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

Request for Production No. 73 to Orbian

RFP No. 73 seeks "[a]ll DOCUMENTS that RELATE TO any travel to California by DUNN from January 1, 2012 through July 12, 2024. Vaughn Decl. at Exhibit 4. Orbian responded to RFP No. 73 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks all documents relating to any travel by Dunn for any reason for a twelve year period. Orbian also objects to this Request as irrelevant; unless Mr. Dunn's travel to California relates to the agreements at issue in this case, it is unrelated to the parties' claims or counterclaims. Subject to and without waiving those objections or the General objections, Orbian's counsel is willing to meet and confer in a good faith attempt to narrow the scope of this Request.

Id.

Houston argues that jurisdictional discovery should be ordered as the discovery being sought is directly related to Dunn's contacts with California and Dunn's potential liability under an alter ego theory. D MTC. Houston notes that discovery should proceed unless the Court

orders otherwise and that Courts typically grant jurisdictional discovery when the discovery being sought is relevant to a jurisdictional issue in the case. Id. at 6-7. Houston argues that the question of the Court's jurisdiction over Dunn is critical, and that discovery related to Dunn's contacts with California is relevant as "[d]ocuments that related to Dunn's activity in directing and guiding Houston's employment, Houston's compensation and Dunn's status as the person in charge of the Orbian entities, is at the very heart of the jurisdictional inquiry." Id. at 7-8.

Plaintiff contends that Houston's counter complaint fails to allege personal jurisdiction over Plaintiff Dunn which is the subject of its pending Motion to Dismiss and that jurisdictional discovery "is not available as of right" but only pursuant to the Court's discretion. P Oppo at 6. Plaintiff also contends that the case law cited by Houston cuts against his arguments and that additional discovery would not present facts constituting a basis for jurisdiction here, where Dunn is a citizen of the United Kingdom, not a party to any written agreement at issue in the case and does not have sufficient contacts with California. Id. at 8-9.

On December 3, 2024, Judge Whelan issued an Order Granting in Part and Denying in Part Counterdefendant's Motion to Dismiss the Counterclaim. ECF No. 47. In the Order, Judge Whelan addressed Houston's request for jurisdictional discovery and concluded that "there are no controverted jurisdictional issues that could be resolved with discovery. Therefore, the Court finds that jurisdictional discovery is unnecessary, and the request is denied." Id. at 10. Accordingly, Houston's motion to compel responses from Orbian to RFP Nos. 1, 19, and 73 is **DENIED**. In the same order, Judge Whelan stated "Orbian's motion to dismiss Counterdefendant Mr. Dunn on personal jurisdiction is **GRANTED**." Id. at 21 (emphasis in original). In light of Mr. Dunn's dismissal from the case, Houston's motion to compel production of documents from Counterdefendant Dunn is **DENIED AS MOOT**.

<u>Merits Discovery Propounded by Houston to Orbian</u>

<u>Request for Production Nos. 15-17 to Orbian</u>

RFP No. 15 seeks "[a]ll emails sent or received by HOUSTON to or from any of YOUR employees from January 1, 2016 through July 3, 2023." Vaughn Decl. at ¶ Exhibit 4. Orbian responded to RFP No. 15 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. The Request calls for all emails exchanged with Houston by an Orbian employee for over six years, regardless of subject matter. Orbian further objects to this Request to the extent it calls for documents already within the possession, custody, or control of Mr. Houston, or documents and information protected by the attorney-client and work product privileges. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

RFP No. 16 seeks "[a]ll Microsoft Teams messages sent or received by HOUSTON to or from any of YOUR employees from January l, 2020 through July 3, 2023. Vaughn Decl. at ¶ Exhibit 4. Plaintiff responded to RFP No. 16 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. The Request calls for all Microsoft Teams messages with Houston over a three-and-a-half year period, regardless of subject matter. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

RFP No. 17 seeks "[a]ll records of Microsoft Teams calls initiated or received by HOUSTON to or from any of YOUR employees from January I, 2020 through July 3, 2023." Id. at 10. Plaintiff responded to RFP No. 17 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. The Request calls for all records of Microsoft Teams calls with Houston over a three-and-a-half year period, regardless of subject matter. Orbian further objects to this Request to the extent it calls for documents and information protected by the attorney-client and work product privileges. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

Houston argues that he is entitled to review the evidence that was created during his employment with Plaintiffs and ultimately used by Plaintiffs to justify his termination. D MTC at 11. Houston argues that he needs the communications sought in order "to understand the full context from which [Plaintiffs] cherry-picked interactions, sound bites, and pull quotes come [sic]." Id. Houston further argues that he appropriately limited the time frame of the requests.

Id. Houston notes that Plaintiffs put these communications at issue by relying on them as the basis of their investigation and that Plaintiffs have failed to specifically state why the requested production would be overly burdensome. Id. Houston argues that given Plaintiff's "substantial resources and sole possession of the relevant information[,]" Plaintiff cannot show undue burden. Id. at 13.

Orbian contends that RFP Nos. 15-17 are overbroad and disproportionate to the needs of the case, and they are not limited in scope and cover a seven-year period of time. P Oppo at 12-13. Plaintiff notes that it has already agreed to produce the abusive communications in question and that communications with employees are irrelevant to Plaintiff's fraud allegations against Houston which did not involve other employees. Id. at 13. Plaintiff contends that many of the requested communications will be privileged as Houston was a lawyer for Orbian during the period covered by the RFPs and that reviewing the communications for privilege would be an extreme burden to place on Orbian. Id. at 14.

Houston replies that Orbian and Dunn fail to state how the requests are disproportionate to the needs of the case and fail to assess the factors that should be considered when taking that position. D Reply at 5. Houston notes that he is willing to narrow the requests, but Orbian's refusal to produce any documents at all is problematic. Id. Houston further notes that Dunn admitted to reviewing tens of thousands of emails in preparation for his deposition which means those emails can and should be produced. Id. Houston replies that he does not have to accept Orbian's view of this case and that denying his access to this discovery "deprives Houston of the ability to defend himself and prosecute his claims" and "requires Houston to accept Plaintiffs' positions untested and unexplored." Id. at 7.

RFP Nos. 15-17 which seek every single email, Teams message, and Teams Call between Houston and every Orbian employee, on any topic, over a three-to-seven-year period, is overbroad. While Houston identifies types of communications that he believes are relevant and states that he is willing to narrow his requests, he does not actually do so. The requests as written, and for which he moves to compel response, are overbroad. Accordingly, Houston's requests to compel further response to RFP Nos. 15-17 are **DENIED**.

Request for Production Nos. 22-23 to Orbian

RFP No. 22 seeks "[a]ll audit workpapers submitted to YOUR auditors listing the Samsung laptop purchased by HOUSTON in 2018 and turned over to YOU in August 2023 by HOUSTON as capitalized equipment for the audit years 2017 through 2023." Vaughn Decl. at ¶ Exhibit 4. RFP No. 23 seeks "[a]ll audit workpapers submitted to YOUR auditors listing the iPhone bearing the number (415) 794-6755 turned over to YOU in August 2023 by HOUSTON as capitalized equipment for the audit years 2017 through 2023." Vaughn Decl. at ¶ Exhibit 4. Plaintiff responded to RFP Nos. 22 and 23 as follows:

> Orbian objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. Orbian further objects to this Request to the extent it calls for documents and information protected by the attorney-client and work product privileges. For the above reasons, Orbian will not produce documents in response to this Request.

Id.

Houston argues that the information sought in RFP Nos. 22 and 23 is relevant given that Plaintiffs are actively seeking to set up a spoilation of evidence claim that will be impacted by the ownership of the laptop and cell phone at issue. D MTC at 14. Houston notes that the request is narrowly tailored and addresses an issue that Plaintiff has raised. Id.

Plaintiff contends that the requests are irrelevant and have no bearing on the claims or defenses in the case. P Oppo at 14. Orbian notes "[t]here is no genuine dispute that these devices belonged to Orbian" and that it has provided Houston with proof that the devices were paid for by Orbian. Id. at 14-15. Orbian further contends that the accounting treatment of the laptop and phone have no bearing on the ownership issue and, even if it did, the requests are overbroad and disproportionate to the needs of the case. Id. at 15.

Houston replies that the requests for auditing paperwork are relevant and that if Orbian has them, they should be produced. D Reply at 6. Houston notes that if Orbian does not have the requested documents, it should say that no documents exist. Id. Houston further notes that the issue of the ownership of the laptop and cell phone is disputed. Id. at 6-7.

Houston's request to compel further response to RFP Nos. 22-23 is **GRANTED.** The requests are narrowly tailored and Orbian fails to explain how the requests which are limited to two devices and six years are unduly burdensome. Orbian's position that there is no genuine dispute over the ownership of the devices ignores Houston's clearly stated position that he owned the devices. In addition, Orbian is not permitted to refuse to respond to the requested discovery because it provided receipts that it feels are sufficient when receipts are not what RFP Nos. 22-23 seek. If the documents are subject to a privilege as Orbian suggests, Orbian must follow the proper procedure such as providing a privilege log. Orbian must supplement its responses and produce all responsive documents by **December 20, 2024**.

## Attorneys' Fees/Sanctions

Houston argues that Plaintiff's objection to the instant motion is not justified because it has refused to participate in discovery and stated that it will not comply with jurisdictional discovery requests "absent a court order." D MTC at 14; see also Vaughn Decl. at ¶ ¶ 5 and 7 and Exhibits 6 and 8. The same argument applies to Dunn who has "not produced a single document." Id. Houston argues that Orbian and Dunn should be sanctioned because he has been forced to incur fees and expenses "as a result of having been forced, without legal justification, to bring the instant motion." Id. at 15.

Orbian contends that Houston's request for sanctions should be denied as Orbian and Dunn's refusal to produce documents in response to Houston's RFPs is substantially justified. P Oppo at 15-16.

Houston replies that the Court should award him fees "in connection with the pursuit of his motion." D Reply at 8.

If a motion to compel is granted or the requested discovery is provided after a motion to compel was filed, that court must order the payment of reasonable expenses unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(iii). If a motion is granted in part and denied in part, the court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

Houston's request for sanctions is **DENIED**. As an initial matter, Judge Whelan stated that "there are no controverted jurisdictional issues that could be resolved with discovery[,]" denied the request for jurisdictional discovery, and dismissed Dunn from the case. As a result, the Court finds Counterdefendants' failure to respond to many of the RFPs was substantially justified. With regard to the remaining RFPs, the majority of them were not granted and therefore do not merit sanctions. Finally, the Court finds that the circumstances surrounding the remaining disputes do not warrant the imposition of sanctions.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Discovery from Defendant is **GRANTED IN PART AND DENIED IN PART** and Defendant's Motion to Compel Production of Documents from Orbian Corporation Limited and Thomas Dunn is **GRANTED IN PART AND DENIED IN PART**. All supplemental or amended responses and production of documents and items ordered above must be served by **December 20, 2024**.

**IT IS SO ORDERED**.

Dated: 12/11/2024

Hon. Barbara L. Major
United States Magistrate Judge